**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-1447**

―――――――――

NATIONWIDE MUTUAL INSURANCE COMPANY, as successor by merger
to Harleysville Mutual Insurance Company,

Plaintiff – Appellee,

v.

SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,

Defendant – Appellant,

and

WELL SERVICE GROUP, INC.; JOSHUA UNDERWOOD; DIAMOND
TECHNICAL SERVICES, INC.,

Defendants.

―――――――――

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge. (1:13-cv-00104-IMK)

―――――――――

Submitted:  November 26, 2014      Decided:  December 8, 2014

―――――――――

Before KING, KEENAN, and WYNN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Kenneth M. Portner, WEBER GALLAGHER SIMPSON STAPLETON FIRES &
NEWBY, Philadelphia, Pennsylvania, for Appellant. Brian S. Kane,
Matthew A. Meyers, DAPPER, BALDASARE, BENSON, BEHLING & KANE,

P.C., Pittsburgh, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Selective Insurance Company of South Carolina (Selective) appeals from the district court's order granting summary judgment in favor of Nationwide Mutual Insurance Company (Nationwide) in Nationwide's declaratory judgment action against Selective seeking a declaration from the court that Nationwide had no duty to defend or indemnify Selective's insureds with respect to any claim arising out of an October 2012 automobile accident. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 460 (4th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

With these standards in mind, we have reviewed the record and examined each of Selective's claims and conclude that they are without merit. The district court correctly applied Pennsylvania law to conclude that Selective's insured, Well

3

Service Group, Inc. (WSG), was the sole owner of the vehicle involved in the October 2012 accident and that Nationwide had no duty to defend or indemnify WSG or its employee with respect to any claim arising out of the accident.

Accordingly, we affirm the district court's judgment. We grant Nationwide's unopposed motion to file a surreply brief, and consider the brief tendered with the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4